IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Darlene Massa, et al.,                                  Case No. 3:13CV1132

        Plaintiff

    v.                                                   **ORDER**

Jeffrey S. Schleeter, et al.,

        Defendant

This is a diversity case arising from an accident involving the plaintiff, Darlene Massa, who was operating a motorcycle, and the defendant, Jeffrey S. Schleeter, who was driving an automobile which collided with Ms. Massa's motorcycle. Ms. Massa has sued to recover for her resulting injuries.

The parties dispute liability. Each has filed a motion in limine.

Ms. Massa seeks to exclude testimony by a Delphos, Ohio, investigating police officer, Brandon Line as to his report and opinion that Ms. Massa made an improper turn just before the collision. (Doc. 27). Mr. Schleeter seeks to exclude a post-accident, unsworn statement by a since-deceased witness, Shannon Lamb. (Doc. 36).

Both parties were headed westbound on 5th Street, a four lane roadway in Delphos. Ms. Massa was in the inner westbound lane (*i.e.,* closer to the center line). She had stopped for a red light. As the light turned green, she turned right to go north on Jefferson Street, the cross street at the intersection.

Traveling in the outside (*i.e.,* curb) lane, Mr. Schleeter approached the light. His car hit Ms. Massa's motorcycle as she turned into his line of travel.

For the reasons that follow, I will permit Officer Line to testify (referencing his report as needed) about his training for and experience with investigating accidents, observations at the scene (including, for demonstrative purposes, his post-accident diagram), and opinion that plaintiff was making an improper turn. He may not testify, however, as to his opinion as to fault or the fact that he issued a citation to Ms. Massa. I will also admit the statement by Ms. Lamb.

## Discussion

### 1. Officer Line

Plaintiff argues that Officer Line is not an expert accident reconstructionist and that his anticipated testimony falls outside Fed. R. Evid. 803(8). I disagree: Officer Line's testimony fits well within the Rule. He appears to have sufficient training and experience to determine post-accident whether a motorist was operating her vehicle properly or improperly under Ohio law. This is the sort of determination investigating officers make routinely.

Here, moreover, there is a factual premise for his opinion: the accident happened as Ms. Massa was turning from the outside across the inside lane of travel. The point of impact, within the outside (curb) lane, is not in dispute.

Officer Line's testimony, being rationally based on his perception, qualifies as lay opinion under Fed. R. Evid. 701(1).

To be sure, Officer Line's opinion is not unimpeachable. As plaintiff notes, he did not talk to all potential on scene witnesses. (That he did not speak with Ms. Massa is, though understandable, as she was injured and being tended to and then transported to a hospital by and EMS crew). But these are matters that go to weight, not admissibility.

I decline to admit the report itself – except Officer Line's diagram, which can be excerpted if defendant desires to have the jury see it.[1] Admitting the report would require redactions, which would quite possibly cause the jury to speculate (even though cautioned not to do so) about whether Ms. Massa received a citation.[2]

## 2. Lamb Statement

According to the statement (which, as I understand its creation, Ms. Lamb wrote herself), Ms. Lamb was pumping gas at a gas station on the Southeast corner of 5th and Jefferson – *i.e.,*, the corner closest to the accident scene. She was looking to the West, which indicates that the two vehicles were directly within her line of sight. She "watched" the two motorcycles at the red light. When the light turned green, Ms. Massa turned to the right. The Schleeter "car drove up to the intersection. The light was green at this time. The car did not hit the brakes until seconds before impact." (Doc. 40-1 at 1).

Ms. Lamb also drew a diagram of the scene. (*Id.* at 2).

After the accident, Ms. Lamb called 911 and went to Ms. Massa, who was complaining of pain in her leg, ankle, and arm.

After Officer Line and his partner, Officer Janice Thornton, arrived, Ms. Lamb provided her statement.

Plaintiff argues that the statement, though unsworn, is admissible under Fed. R. Evid. 807, the "catchall" or "residual" exception to the hearsay rule. To qualify for admission, the statement must: 1) have circumstantial guarantees of trustworthiness equivalent to those undergirding the

---

[1] I reserve ruling as to whether I will, if defendant asks me to do so, admit the diagram. Officer Line may, in any event, use the diagram for demonstrative purposes.

[2] I will, if plaintiff desires, instruct the jurors that they may not speculate about whether Office Line issued any citations because issuance of a citation is irrelevant.

admissibility of specific exceptions to the hearsay rule; 2) be offered as evidence of a material fact; 3) is more probative on the point for which it is offered than any other evidence available to the proponent through reasonable efforts; and 4) best serve, if admitted, the purposes of the rules and interests of justice.

I conclude that the Lamb statement satisfies each of these prerequisites.

Ms. Lamb appears to have spoken voluntarily: she did not seek to avoid telling the officers what she saw. She appears to have had no prior connection with either party. She was close by and watching directly as the accident happened. She made a handwritten correction to her statement, which suggests that she was taking care to be as accurate as possible.

The fact for which plaintiff wants to offer the statement – Mr. Schleeter's operation of his car immediately before the accident – is clearly material.

Ms. Lamb's statement is more probative on that issue than any other evidence plaintiff appears to have been able to procure.

Admission will serve the truth-seeking purposes underlying the Federal Rules of Evidence.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT plaintiff's motion in limine (Doc. 27) and defendant's motion in limine (Doc. 36) be, and the same hereby are overruled as provided herein.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge